IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Sylvia Miller, as Executor of the Estate of Edward Miller and On Behalf of the Statutory Beneficiaries,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Pamela Eleuteri, and Mulligans LLC d/b/a The Original Mulligans Sports Bar & Restaurant,<br><br>　　　　Defendants. | Case No.: _____<br><br><br><br>**COMPLAINT**<br>**(Survival & Wrongful Death)**<br>**(Jury Trial Demanded)** |

The Plaintiff, Sylvia Miller, as Executor of the Estate of Edward Miller and on Behalf of the Statutory Beneficiaries (hereinafter styled "Mrs. Miller"), brings this Complaint against Pamela Eleuteri (hereinafter styled "Defendant Eleuteri") and Mulligans LLC (hereinafter styled "Defendant Mulligans") based upon the allegations set forth below:

### FACTS, PARTIES, JURISDICTION, & VENUE

1. Edward Miller ("Mr. Miller") died while a resident of Brunswick County, North Carolina on or about October 29, 2022.

2. The Brunswick County, North Carolina Superior Court appointed Mr. Miller's widow, Mrs. Miller, to serve as Executor of the Estate.

3. Mrs. Miller brings this action in her fiduciary capacity as Executor of the Estate by virtue of the authority and provisions of sections 15-5-90 et seq. and 15-51-10 et seq. of the South Carolina Code.

4. The parties, subject matter, and all matters and things hereinafter alleged are within this Court's jurisdiction.

5. At all times relevant to this action, Mr. Miller and Mrs. Miller were residents of Brunswick County, North Carolina.

6. At all times relevant to this action, Defendant Eleuteri was a resident of South Carolina.

7. Defendant Mulligans is a domestic corporation organized and existing under the laws of the State of South Carolina, and conducts business as a bar named Mulligans located in Horry County, South Carolina.

8. At all times relevant to this action, persons acting on behalf of Defendant Mulligans were acting individually and as agents, servants, and/or employees, and within the scope of their agency and/or employment with Defendant Mulligans.

9. At all times relevant to this action, Defendant Mulligans is liable for the acts and/or omissions of its agents, servants, and/or employees within the scope of their agency and/or employment with Defendant Mulligans', under the doctrine of respondeat superior.

10. Defendants are jointly and severally liable for the acts and/or omissions that were committed and alleged in this Complaint, and the damages sought, pursuant to section 15-38-15(F) of the South Carolina Code.

11. The collision giving rise to this Complaint occurred on October 27, 2022, at approximately 8:21 p.m. on SC-90 in Horry County, South Carolina.

12. Venue is proper in this Court, as the most substantial act and/or omission giving rise to this matter occurred in Horry County, South Carolina.

13. Upon information and belief, prior to October 27, 2022, Defendant Mulligans had applied for and received its permit authorizing the sale of beer, wine, liquor, or other alcoholic beverages.

14. Upon information and belief, on or about October 27, 2022, Defendant Mulligans was serving and selling alcoholic beverages to invitees and patrons at its bar.

15. Upon information and belief, on the night of October 27, 2022, Defendant Eleuteri consumed alcoholic beverages as a patron at Defendant Mulligans.

16. The amount of alcohol Defendant Mulligans served and sold Defendant Eleuteri during the aforementioned times resulted in Defendant Eleuteri becoming and remaining intoxicated.

17. Defendant Mulligans continued to serve Defendant Eleuteri alcohol when it knew or should have known Defendant Eleuteri was intoxicated.

18. Defendant Eleuteri then chose to get behind the wheel and drive a car while under the influence of alcohol.

19. While intoxicated, Defendant Eleutari drove the car westbound on SC-90.

20. At the same time, Mr. Miller was driving his motorcycle eastbound on SC-90.

21. At approximately 8:21 p.m., while driving under the influence of alcohol, Defendant Eleutari attempted to make a left-hand turn from SC-90 into a private driveway.

22. In doing so, Defendant drunkenly failed to yield the right of way to Mr. Miller's oncoming motorcycle and caused a catastrophic collision.

23. Rather than helping Mr. Miller, who was critically injured, Defendant Eleutari fled the scene.

24. Mr. Miller fought for his life, but sadly passed away on October 29, 2022.

25. As a result of the Defendants' acts and omissions which contributed to the collision between Defendant Eleuteri and Mr. Miller, the latter suffered and died leading to Survival and Wrongful Death damages recoverable by the Estate and the statutory beneficiaries, including but not limited to:

<u>Survival Damages (Owed to the Estate)</u>

a. Mr. Miller's apprehension;

b. Mr. Miller's mental anguish;

c. Mr. Miller's pain and suffering

d. Mr. Miller's pre-death medical expenses

<u>Wrongful Death Damages (Owed Directly to the Statutory Beneficiaries)</u>

e. Grief and sorrow;

f. Loss of companionship;

g. Loss of affection;

h. And such other damages as may be found during discovery and trial.

26. There is diversity of citizenship amongst the parties, as Plaintiff is a citizen of North Carolina (as was Mr. Miller) and Defendants are citizens of South Carolina.

27. The amount in controversy—based on the combined actual and punitive damages arising from the Survival and Wrongful Death causes of action—greatly exceeds $75,000.00.

28. Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. § 1332.

**FOR A FIRST CAUSE OF ACTION**
**(Negligence/Survival Action Against Defendant Mulligans)**

29. Mrs. Miller incorporates all allegations of the preceding paragraphs into this cause of action.

30. Mrs. Miller is informed and believes Defendant Mulligans was negligent, willful, reckless, grossly negligent, and/or committed negligence *per se* in at least one of the following ways:

a. Providing and/or selling alcoholic beverages to a person to the point of intoxication;

b. Providing and/or selling alcoholic beverages to an intoxicated person;

c. Choosing to sell or give beer, wine, alcoholic liquor, or other alcoholic beverages to a person Defendant Mulligans knew or should have known was intoxicated, while on Defendant Mulligans premises, in violation of 61-4-580 and 61-6-2220 of the South Carolina Code;

d. Choosing not to take reasonable precautions to prevent a person who became intoxicated from the alcohol it sold to Defendant Eleutari from operating a motor vehicle upon leaving the bar and, therefore, endangering innocent members of the community;

e. Choosing to hire inadequately unqualified personnel;

f. Choosing not to adequately train personnel;

g. Choosing not to adequately supervise personnel;

h. Choosing to retain unqualified, unsafe personnel;

i. Choosing not to develop adequate policies and procedures;

j. Choosing to breach the standard of care in the service and/or sale of alcoholic beverages to invitees and patrons by a business via its agents, servants, and/or employees;

k. Choosing to breach its duty to third parties and the public at large, including motorists on the Horry County roadways, by increasing the risk of adverse consequences to them via the sale and/or service of alcohol to a person Defendant Mulligans knew or should have known was intoxicated; and

l. Choosing not to use the care and caution a reasonably prudent business would under the circumstances.

31. The above-referenced statutes have the essential purpose of protecting a class of persons from the kind of harm Mr. Miller suffered.

32. Mr. Miller was a member of the class of persons the above-referenced statutes are intended to protect.

33. As a foreseeable, direct, and proximate cause of Defendant Mulligans' aforesaid acts and/or omissions, including its statutory violations, which constitute negligence *per se*, Mr. Miller sustained serious damages prior to his death, as outlined above.

34. Plaintiff is entitled to a judgment against Defendant Mulligans for the above-mentioned actual damages to Mr. Miller, occurring prior to his death, under sections 15-5-90 et seq. of the South Carolina Code, and for punitive damages in an amount to be determined by the jury.

**FOR A SECOND CAUSE OF ACTION**
**(Negligence/Survival Action Against Defendant Eleuteri)**

35. Mrs. Miller incorporates all allegations of the preceding paragraphs into this cause of action.

36. Mrs. Miller is informed and believes Defendant Eleuteri was negligent, willful, reckless, grossly negligent, and/or committed negligence per se in at least one of the following ways:

    a. Choosing to drive a vehicle while under the influence of alcohol to the extent she was materially and appreciably impaired, in violation of section 56-5-2930 of the South Carolina Code;

    b. Fleeing the scene of an accident, in violation of section 56-5-1220 of the South Carolina Code;

    c. Choosing not to yield the right of way; and

    d. Choosing not to use the degree of care and caution that a reasonably prudent person would under the circumstances.

37. The above-referenced statutes have the essential purpose of protecting a class of persons from the kind of harm Mr. Miller suffered.

38. Mr. Miller was a member of the class of persons these statutes are intended to protect.

39. As a foreseeable, direct, and proximate cause of Defendants Eleuteri's aforesaid acts and/or omissions, including her statutory violations which constitute negligence *per se*, Mr. Miller sustained serious damages prior to death.

40. Plaintiff is entitled to a judgment against Defendant Eleuteri for the above-mentioned actual damages to Mr. Miller, occurring prior to his death, under sections 15-5-90 et seq. of the South Carolina Code, and for punitive damages in an amount to be determined by the jury.

## FOR A THRID CAUSE OF ACTION
**(Wrongful Death as to all Defendants)**

41. Mrs. Miller incorporates all allegations of the preceding paragraphs into this cause of action.

42. Defendants' aforesaid acts and/or omissions are the direct and proximate cause of Mr. Miller's untimely, needless death.

43. By reason and in consequence of Defendants' aforesaid acts and/or omissions, the statutory beneficiaries sustained damages, as outlined above.

44. Plaintiff is entitled to judgment against Defendants for actual damages sustained by the statutory beneficiaries in relation to Mr. Miller's wrongful death, and for punitive damages in an amount to be determined by a jury.

WHEREFORE Plaintiff prays for judgment against Defendants for actual and punitive damages in an amount to be determined by the jury, for the costs of this action, and for such further relief this Court deems just and proper.

        **LAW OFFICE OF KENNETH E. BERGER, LLC**

        s/ *Kenneth Berger*
        Kenneth E. Berger | kberger@bergerlawsc.com
        Federal ID # 11083
        Janek Kazmierski | janek@bergerlawsc.com
        Federal ID # 12876
        Law Office of Kenneth E. Berger, LLC
        5205 Forest Drive
        Columbia, SC 29206
        Phone: (803) 790-2800
        *Attorneys for the Plaintiff*

November 7, 2023
Columbia, South Carolina